Filed 2/18/22  P. v. Campaz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093174 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F07255) |
| v. | |
| CARLOS TOMAS CAMPAZ, JR., | |
| Defendant and Appellant. | |

In 2007, a jury found defendant Carlos Tomas Campaz, Jr., guilty of first degree murder.  It found not true the allegations defendant intentionally killed the victim while lying in wait and personally used a deadly weapon.  The trial court sentenced defendant to 25 years to life and we affirmed his conviction.  In 2020, department 24[1] of the trial court granted defendant's habeas corpus petition and defendant's conviction was reduced to second degree murder.  Meanwhile, defendant filed a petition for resentencing in

---

[1]  Because this case involves rulings from two different departments of the same trial court, we reference department numbers for clarity.

1

department 23 of the same court pursuant to Penal Code section 1170.95.[2]  Defendant appeals the denial of this petition arguing that department 23 used the wrong standard to determine he was not eligible for relief.  The People concede the error.  We will reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

*I.  Statement of Facts*

We take the facts from our prior opinion.  (*People v. Campaz* (Apr. 27, 2010, C056880) [nonpub. opn.] (*Campaz*).)

Defendant and his codefendants (John Douglas White & Roberto Moreno Montoya) were charged with murder.

Park maintenance workers found the victim's body in a park restroom.  The victim died of multiple stab wounds.

Defendant admitted his participation in the murder to M.C.  M.C. testified defendant told her White planned to beat the victim badly for raping his sister.  Defendant went to back up White and stop anyone from interfering.  While defendant and White waited in the park, Montoya brought the victim under the pretext of a drug buy.

After they went into the park bathroom, White started screaming and stabbed the victim.  Defendant claimed he had no idea White had a knife.  The victim tried to run out of the bathroom but in a panic, defendant pushed the victim back inside.  The victim fell and White continued the attack.

White testified at trial.  He denied any animosity towards the victim and denied the victim raped his sister.  White testified Montoya, defendant, and the victim went into the bathroom to smoke methamphetamine while White stayed outside to smoke marijuana.  Defendant came out and said, "Let's get the fuck out of here" and Montoya

_____

[2]  Undesignated statutory references are to the Penal Code.

came out with a blank look on his face. When White looked in the bathroom, he saw the victim face down on the ground.

Defendant was tried on theories of: (1) aiding and abetting first or second degree murder, and (2) aiding and abetting a target crime of simple assault, assault with a deadly weapon, or assault likely to cause great bodily injury, where murder was the natural and probable consequence.

The jury found defendant guilty of first degree murder but found not true the two allegations defendant personally used a knife and was lying in wait. The court sentenced defendant to an indeterminate term of 25 years to life.

## II. Appeal

On direct appeal, defendant primarily argued murder could not be the natural and probable consequence of simple assault and he could not be convicted of first degree murder as an aider and abettor where the principal was convicted of second degree murder. We rejected his arguments and affirmed his conviction. (*Campaz, supra*, C056880.)

## III. Petition for Habeas Corpus

In 2017, defendant brought a petition for habeas corpus contending he could not be convicted of first degree murder based on the natural and probable consequences doctrine under *People v. Chiu* (2014) 59 Cal.4th 155. The trial court issued an order to show cause, but determined an evidentiary hearing was not necessary because there were no disputed issues of material fact at issue in the petition.

On January 28, 2020, department 24 of the trial court concluded defendant's first degree murder conviction could not be sustained under *Chiu* because department 24 could not conclude beyond a reasonable doubt the jury convicted defendant under a valid theory either as a direct accomplice or as a person who acted with premeditation and deliberation. Department 24 concluded the jury's not true finding on the enhancements that defendant used a deadly weapon or committed the murder while lying in wait,

3

coupled with their questions about aiding and abetting, indicated the jury rejected White's claim defendant committed the murder. Instead, the jury must have based its guilty verdict on an aiding and abetting theory and its questions suggested it was focused on the natural and probable consequences doctrine. Given these findings, department 24 granted the writ of habeas corpus, vacated the underlying judgment and sentence, and gave the prosecution the option to either retry defendant or accept a reduction to second degree murder.

The prosecution accepted reduction of the charge to second degree murder. Department 23 sentenced defendant to a term of 15 years to life.

*IV. Petition for Resentencing Under Section 1170.95*

In 2019, while the petition for habeas corpus was pending, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) and section 1170.95[3] to have his murder conviction vacated and to be resentenced. This was heard by department 23, a different department than the one that issued the ruling on the habeas petition. Defendant's 1170.95 petition asserted he " 'could not now be convicted of first or second degree murder because of changes made to [s]ection 188 or 189 made effective January 1, 2019.' " The court appointed counsel for defendant and the parties briefed whether defendant had stated a prima facia case for relief under section 1170.95.

In ruling on the petition, the judge in department 23 concluded the judge in department 24 "did not determine . . . whether a jury could have convicted defendant . . . of first degree murder based on a theory of liability other than the natural and probable consequences doctrine." Department 23 phrased the relevant inquiry on the resentencing

---

[3] Unless otherwise indicated, references in this opinion to section 1170.95 refer to the version in effect at the time the trial court ruled on this petition. (Stats. 2018, ch. 1015, § 4.) The Legislature further amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.). This amendment to section 1170.95 has no impact on the issues raised by this appeal.

4

petition as "whether it can be shown that defendant . . . could not be convicted of first or second degree murder without the natural and probable consequences doctrine theory of liability, or a theory of second degree felony murder or a first degree felony murder theory that does not comply with Penal Code [section] 189 [subdivision] (e)." Department 23 reviewed our opinion on the direct appeal to determine "whether the evidence is sufficient to allow a jury to conclude, beyond a reasonable doubt, that defendant . . . is guilty of first or second degree murder." Department 23 restated its review was comparable to the evaluation an appellate court undertakes in "determining whether the evidence is substantial to support the jury's verdict." It found the jury could have convicted defendant of first degree murder on a lying-in-wait theory or of second degree murder based on his role as a direct aider and abettor based on implied malice. Department 23 concluded defendant was not eligible for relief under section 1170.95.

## DISCUSSION

Defendant argues department 23 erred when it applied the substantial evidence standard at the prima facie stage of the petition. He further argues this court should direct the trial court to grant him relief on this record, or alternatively, require the People to provide an offer of proof or additional evidence before the matter is remanded. We agree department 23 applied the wrong standard and remand the matter for further proceedings. We decline the invitation to decide now whether the People can successfully meet their burden of proof on remand.

Senate Bill No. 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences

5

theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Section 1170.95 includes a prima facie determination. Under subdivision (c), the trial court must appoint defendant counsel if requested, take briefing from the parties, and then determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c).) In performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).) Thus, if the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless."].)

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965,

6

980 (*Drayton*).) The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Ibid.*; *Lewis, supra*, 11 Cal.5th at p. 971 [citing *Drayton* with approval].)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision ](a), then the trial court should issue an order to show cause. (§ 1170.95[, subd. ](c).) Once the trial court issues the order to show cause under section 1170.95[, subdivision ](c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)" (*Drayton, supra*, 47 Cal.App.5th at pp. 980-981.) At the evidentiary hearing, either party "may . . . offer new or additional evidence" but "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

Here, department 23 applied a sufficiency of the evidence standard at the prima facie stage of this case stating it was determining "whether the evidence is sufficient to allow a jury to conclude, beyond a reasonable doubt, that defendant . . . is guilty of first or second degree murder." Under this standard, it found the jury could have convicted defendant of first degree murder on a lying-in-wait theory or of murder based on his role as a direct aider and abettor based on implied malice, and defendant did not prove otherwise. This is not the appropriate standard. (*Drayton, supra*, 47 Cal.App.5th at pp. 980-981.) We conclude department 23 erred in weighing the evidence to determine defendant was ineligible without first holding an evidentiary hearing. (*Id.* at p. 980.)

Construing the facts in favor of defendant, the petition fulfilled the requirements for relief in section 1170.95, subdivision (a), and department 23 should have issued an order to show cause for an evidentiary hearing. (*Drayton, supra*, 47 Cal.App.5th at pp. 982-983.) We will reverse department 23's order denying the petition and remand with directions to issue an order to show cause under amended section 1170.95, subdivision (c), and hold a hearing under amended section 1170.95, subdivision (d). (§ 1170.95, as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) At that hearing, the court shall determine whether the People have met their burden of proving beyond a reasonable doubt that defendant is ineligible for resentencing. We express no opinion about whether defendant is entitled to relief following the hearing.

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed. The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under amended section 1170.95.



　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　HOCH, J.



We concur:



 /s/
BLEASE, Acting P. J.



 /s/
DUARTE, J.



8